IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEYVONNE NEYLAND, | ) | 8:11CV24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY DISTRICT | ) | |
| COURT OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on January 25, 2011. (Filing No. 1.) Plaintiff is not a prisoner and has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against one Defendant, the "Douglas County District Court of Nebraska." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that her "six month old son was taken" from her and, in a separate state-court proceeding, Defendant awarded "custody of minor child" to "Senator Ernie Chambers' brother Eddie." (*Id.* at CM/ECF p. 1.) In 2011, Plaintiff "filed a motion with defendant court for recapitulation," but Defendant denied the motion. Plaintiff alleges that the denial of her motion violates her "civil rights." (*Id.* at CM/ECF p. 1.) Defendant also refuses "to . . . appoint appellate counsel" for Plaintiff to challenge Defendant's decisions. (*Id.* at CM/ECF p. 5.) Plaintiff requests that the court "order defendant to automatically appoint appellate counsel" for Plaintiff in the ongoing state-court proceedings. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendant improperly granted custody to another party, and denied her motions in a pending state-court proceeding relating to her minor child. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use

the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007) (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, Plaintiff requests that the court "order defendant," the Douglas County District Court, "to automatically appoint appellate counsel" for Plaintiff in the state-court proceedings. (Filing No. 1 at CM/ECF p. 5.) It is apparent from the Complaint that there is an ongoing state judicial proceeding which implicates the important state interests relating to the custody and safety of Plaintiff's minor child. (*Id.* at CM/ECF pp. 1-5.) Plaintiff has not alleged, nor demonstrated, that those proceedings will not provide her with the opportunity to raise her constitutional claims in that matter.[1] Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

---

[1] The record shows that Plaintiff may have already raised her claims in the state-court proceedings, but the state court denied the claims. (Filing No. 1.) Thus, Plaintiff may be seeking relief from the state court's decision. However, this court is barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.